[698 NYS2d 233]

In the Matter of Roger A. Levy (Admitted as Roger Levy), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, November 23, 1999

### APPEARANCES OF COUNSEL

*Kathleen Feerick* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Roger A. Levy,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent, Roger Levy, was admitted to the practice of law in the State of New York by the Second Judicial Department

on September 18, 1985. He was also admitted to practice as an attorney and counselor-at-law in New Jersey.

The Departmental Disciplinary Committee (the Committee) seeks an order, pursuant to 22 NYCRR 603.3, suspending respondent until he is reinstated in New Jersey or, in the alternative, sanctioning respondent as this Court deems appropriate.

By order dated September 10, 1998 (155 NJ 594, 716 A2d 529), the Supreme Court of New Jersey suspended respondent from the practice of law in New Jersey for three months based upon the findings of its Disciplinary Review Board that respondent: (1) practiced law in New Jersey while on that State's "ineligible list", a violation of rule 1:20-1 (d) of the New Jersey Rules of Court; (2) failed to maintain trust and business accounts in compliance with New Jersey rules of practice, in violation of rule 1:21-6 (a) and New Jersey Rules of Professional Conduct rule 1.15 (d); and (3) failed to maintain a bona fide law office in New Jersey, in violation of rule 1:21-1 (a). Although the period of suspension has been served, respondent has not applied for reinstatement to the practice of law in New Jersey.

The record shows that respondent has not offered any defense to these proceedings and that, indeed, none exists (*see,* 22 NYCRR 603.3 [c] [1]-[3]). It should be noted that the Committee is not seeking to apply reciprocal discipline on the basis of respondent's failure to maintain a bona fide law office in New Jersey, since there is no analogous New York provision or rule. Consequently, the Committee's petition for reciprocal discipline, pursuant to 22 NYCRR 603.3, should be granted with respect to the New Jersey Supreme Court's findings that respondent practiced law while on the ineligible list and failed to maintain in-State business and trust accounts.

With regard to sanctions, we see no circumstances that warrant deviation from this Court's usual policy in reciprocal discipline cases of imposing the same sanction imposed by the foreign jurisdiction. Respondent was suspended in New Jersey for only three months (effective September 10, 1998), but remains unable to practice there because, as he contends, he cannot pay the costs involved in obtaining reinstatement. Similarly, in this State, an attorney who seeks reinstatement, having been suspended for failure to comply with Judiciary Law § 468-a, must pay a $250 reinstatement fee and present proof that he/she has complied with the registration requirements by paying all retroactive dues owed. Respondent should not be allowed to practice in New York until he has been reinstated in New Jersey.

Accordingly, the petition seeking reciprocal discipline should be granted, respondent suspended from the practice of law in New York for a period of three months nunc pro tunc from the date of his New Jersey suspension, and, at such time as he is reinstated in New Jersey, and upon submission of such proof, he shall be immediately reinstated in New York.

ROSENBERGER, J. P., WILLIAMS, TOM, MAZZARELLI and SAXE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, as indicated.